## STATE *vs.* THOMAS W. TONKS.

Public Statutes R. I. cap. 87 enacts a license system for the sale of intoxicating liquors. This system, with its dependent provisions, was annulled by the constitutional amendment, Art. V. of April 7, A. D. 1886. Hence complaints under Pub. Stat. R. I. cap. 87, §§ 25, 26, cannot be sustained.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1–9.

This was one of several complaints certified to this court with the preceding case.

*July* 26, 1886. PER CURIAM. This is a complaint for violation of Pub. Stat. R. I. cap. 87, § 25, which prescribes the punishment for the offering to sell, selling, or suffering to be sold, certain intoxicating liquors therein named, in violation of the preceding sections of the chapter. The complaint was made June 23, 1886, and charges the offence as committed on that day. The case comes up on certificate from the Justice Court of the city of Providence, upon a question in regard to the constitutionality of said chapter and section.

It is contended that the chapter and section are in conflict with the fifth amendment [1] to the Constitution, because the chapter en-

---

[1] Printed *ante,* p. 384.

acts a license system and section 25 is a dependent part of it. We think the point is well taken. Section 25 is not a separate and independent provision, but a provision for the punishment of the violation of the preceding sections by which a license system is created. It is subsidiary to the system, and inasmuch as the system cannot exist consistently with the fifth amendment, any provision which is subsidiary to it must fall with it, since the license and prohibitory parts of the sections are so interwoven that they cannot be separated.

The same is true of complaints brought under section 26.

Complaints under either of these sections must, therefore, be quashed.                     *Order accordingly.*